**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| RODNEY SMITH,  Plaintiff, | ) Case No. 14-CV-01041 ) Judge James F. Holderman ) (1) FDCPA |
| Vs. | ) (2) FCRA ) (3) Federal Question |
| BANK OF AMERICA, N.A., et. Al.  Defendants | ) (4) Injunctive Relief ) ) |
| | ) ___*Jury Trial Demanded*___ |

**1st AMENDED COMPLAINT**

**INTRODUCTION**

1. Plaintiff Rodney Smith ("Smith") *pro se* brings this action to secure redress against unlawful collection practices engaged in by Defendant law firm PIERCE & ASSOCIATES, its agent attorneys named individually, and BANK OF AMERICA as successor to BAC HOME LOANS SERVICING LP. Plaintiff alleges *inter alia* violations of the Fair Debt Collections Practices 15 U.S.C. 1692 *et seq* ("FDCPA") based on Defendants' false, misleading, and/or deceptive misrepresentation and/or implication that nonpayment of the debt claimed illegally by Defendant mortgage servicer would result in the sale of his property, even though sale of his property would not be lawful under the circumstances. Also, Defendants threatened and pursued actions, including foreclosure, which could not legally be taken, even after RESPA inquiries into the legality of their actions. The FDCPA is broad in its prohibition of unfair or unconscionable collections methods including the using of any false deceptive or misleading statements in connection with the collection of a debt. The FDCPA also prohibits threatening

legal action that cannot be taken, and the collection of any amount of money not authorized by an agreement or permitted by law.

## PARTIES AND VENUE

2. Plaintiff Rodney Smith is a natural person and is domiciled in Cook County, Illinois, United States of America.

3. Defendant BANK OF AMERICA ("BOA") is national bank and is the successor/parent corporation of BAC HOME LOANS SERVICING, LP fka COUNTRYWIDE HOME LOANS SERVICING LP., is responsible for the actions of its predecessor/child corporation per *Respondeat Superior* and or successor liability, has a principal place of business at 100 North Tryon Street in Charlotte, North Carolina, and meets the statutory definition of a debt collector pursuant to the FDCPA.

4. Defendant PIERCE & ASSOCIATES is an Illinois law firm with a principal place of business as 1 North Dearborn Suite 1300 in Chicago, Illinois 60602 and performs debt collection and meets the statutory definition of a debt collector pursuant to the FDCPA.

5. On information and belief, Defendant Christopher Iaria is an Illinois licensed attorney with PIERCE & ASSOCIATES with a principal place of business as 1 North Dearborn Suite 1300 in Chicago, Illinois 60602, and meets the statutory definition of a debt collector pursuant to the FDCPA.

6. On information and belief, Defendant R. Elliot Halsey is an Illinois licensed attorney with PIERCE & ASSOCIATES with a principal place of business as 1 North Dearborn Suite 1300 in Chicago, Illinois 60602, and meets the statutory definition of a debt collector pursuant to the FDCPA.

7. On information and belief, Defendant David Allen Drescher is an Illinois licensed attorney with PIERCE & ASSOCIATES with a principal place of business as 1 North Dearborn Suite 1300 in Chicago, Illinois 60602, and meets the statutory definition of a debt collector pursuant to the FDCPA.

8. On information and belief, Defendant Nickolas Schad is an Illinois licensed attorney with PIERCE & ASSOCIATES with a principal place of business as 1 North Dearborn Suite 1300 in Chicago, Illinois 60602, and meets the statutory definition of a debt collector pursuant to the FDCPA.

## FACTUAL ALLEGATIONS

9. That on 3/12/2008, Plaintiff entered into a consumer financing / non-investment contract with COUNTRYWIDE BANK FSB to secure a primary domicile at 21154 Whitney Drive in Matteson, Illinois 60443.

10. That on 4/27/2009 original lender COUNTRYWIDE FSB ceased to exist according to the FDIC' regulatory records.

11. That on or about August 2009, COUNTRYWIDE HOME LOANS SERVICING, LP a Texas Corporation and non-party to the mortgage, was renamed to BAC HOME LOANS SERVICING, LP.

12. That Moody's classified BAC HOME LOANS SERVICING LP as a single purpose corporation that only performs mortgage servicing bearing Moody's ID 600062573.

13. That on April 20 2011, Defendant PIERCE & ASSOCIATES drafted and Defendant BOA/ BAC HOME LOANS SERVICING LP signed an "ASSIGNMENT OF MORTGAGE" instrument where MERS alleged to have acted in the capacity of nominee for defunct original

3

lender COUNTRYWIDE BANK FSB and purportedly assigned interest in Plaintiff's Note and Mortgage to Defendant mortgage servicer BAC HOME LOANS SERVICING LP.

14. That after September 24th 2010, 12 CFR 226.39(a)(1) prohibits mortgage servicer such as Defendant BAC HOME LOANS SERVICING / BOA from acquiring the title to Plaintiff's loan.

15. That on July 1st, 2011, Defendant BOA acquired BAC HOME LOANS SERVICING LP and BAC still continued to operate solely as a single purpose corporation mortgage servicer.

16. That on July 18th, 2011 Defendant BOA / BAC HOME LOANS SERVICING LP filed a Lis Pendens at the Cook County Recorder of Deeds and a foreclosure against Plaintiff based on an illegal / prohibited assignment of mortgage to present the appearance of controversy in state foreclosure court.

17. Illinois law requires plaintiffs in a mortgage foreclosure suit to plead the capacity in which the foreclosure is brought. 735 ILCS 5/15-1504(a). In the complaint, Defendant attorneys and PIERCE & ASSOCIATES claim that the mortgage and note were executed in the favor of their client Defendant BOA / BAC HOME LOANS SERVICING, LP.

18. In fact, at the time Defendants filed their foreclosure action, their client did not have the legal right to foreclose on Plaintiff Smith because the mortgage was not legally or actually assigned to PIERCE's client BOA/BAC HOME LOANS SERVICING LP.

19. That the aforementioned illegal ASSIGNMENT OF MORTGAGE drafted and executed by Defendants, and the Lis Pendens recorded against Plaintiff's property are cloud on his title and are a violation of the Illinois Criminal Code 720 ILCS 5/32-13.

20. That on November 3rd, 2011, Defendant BOA / BAC HOME LOANS SERVICING LP sent a 4-page correspondence to in response to a Plaintiff's Qualified Written Request and admitted it is only the servicer for Plaintiff's mortgage, not the owner.

21. Defendant BOA / BAC HOME LOANS SERVICING LP is also party to the National Mortgage Settlement of 2012; see <u>USA v. Bank of America Corp</u>, 12-CV-0361 in the US District Court for the District of Columbia, Document 11.

22. That Exhibit G, Items #19 and #20 identify Plaintiff as an intended beneficiary of the National Mortgage Settlement based on the conduct of Defendant BOA / BAC HOME LOANS SERVICING, LP relating to Deceptive Trade Practice Act violations, mortgage servicing failures, and illegal mortgage foreclosure practices in the Circuit Court of Cook County.

23. That, pursuant to the aforementioned Items #19 and #20 of the National Mortgage Settlement against Defendant Bank of America / BAC HOME LOANS SERVICNG LP, Plaintiff files for injunctive relief.

24. That Defendants are, individually and collectively, are and may still be acting as Debt Collectors on behalf of Defendant BOA and/or BAC HOME LOANS SERVICING.

25. That in Defendants interactions with Plaintiff since 2011 onward, up to and including 2014, individually and or severally have violated the Fair Debt Collections Practices Act.

26. That Defendant BOA and its agents have made incorrect negative credit reports regarding Plaintiff's credit profiles with all three major credit reporting agencies in violation of the Fair Credit Reporting Act.

27. That Defendant attorneys are in violation of Section 5.4 of the Uniform Bonding Code in attempting to violate Plaintiff's due process and his property rights through the

aforementioned illegal assignment, filing Lis Pendens against his property affecting his credit rating and violating Illinois Criminal Code concerning cloud on title, making false/misleading credit reports against Plaintiff to the consumer credit reporting agencies which affects his reputation (property) as well as his finances, and violating Plaintiff's federal/international human rights not to be arbitrarily deprive of his property referring back to the aforementioned activities.

28. That less than 2 years has elapsed after the date of discovery by the plaintiff of the FCRA violations by Defendants which is the basis for such liability.

29. That Defendants have continually made unnecessary and unwarranted and injurious inquiries into Plaintiff's consumer credit which negatively affects his credit rating - *inter alia* on accounts closed in the year 2008 during the years 2010, 2011, 2012 and 2013 - which are in violation of the Fair Credit Reporting Act.

30. That Defendants, individually and/or collectively have violated Plaintiffs human right not to be arbitrarily deprived of his property pursuant to Article 17 of the United Nations Universal Declaration of Human Rights; which specifies the obligation of the United States and Defendants under the treaty Charter of the United Nations 59 Stat. 1033-1218 as a federal right of Plaintiff.

## COUNT I – FAIR DEBT COLLECTIONS PRACTICES ACT.

31. Plaintiff repeats, realleges and incorporates by reference each of the preceding paragraphs as if fully set forth herein in full.

32. This Court's jurisdiction is invoked pursuant to 15 U.S.C. §1692k(d).

33. That 15 USC §1692f is pertinent and provides that Defendants may not use unfair / unconscionable means to collect a debt, which is alleged *supra*.

34. That Defendants, individually and/or severally, have violated 15 USC §1692f.

35. That 15 USC §1692e(2) is pertinent and provides that Defendants may not use false representations, which is alleged *supra*.

36. That Defendants, individually and/or severally, have violated 15 USC §1692e(2).

37. That 15 USC §1692e(5) is pertinent and provides that Defendants may not use false / misleading / deceptive representation or means in collection with any debt, which is alleged *supra*.

38. That Defendants, individually and/or severally, have violated 15 USC §1692e(5).

**RELIEF:** Plaintiff seeks statutory damages, penal damages, compensatory damages, fees, litigation expenses and costs of suit.

## COUNT II – FAIR CREDIT REPORTING ACT

39. Plaintiff repeats, realleges and incorporates by reference each of the preceding paragraphs as if fully set forth herein in full.

40. This Court's jurisdiction is invoked pursuant to 15 U.S.C. §1681p.

41. That 15 USC §1681n is pertinent and provides for Defendants' civil liability to Plaintiff for willful noncompliance to the FCRA, as alleged *supra*.

42. That 15 USC §1681o is pertinent and provides for Defendants' civil liability to Plaintiff for negligent noncompliance to the FCRA, as alleged *supra*.

43. That 15 USC §1681q is pertinent and provides that Defendants should be fined and/or imprisoned for repeatedly, wrongfully, knowingly and willfully obtaining Plaintiff's information from the credit reporting agencies under false pretenses, which is alleged *supra*.

44. That Defendants, individually and/or severally, have violated 15 USC §1692e(5).

7

45. Plaintiff will further suffer irreparable harm if an injunction is not issued.

46. No adequate remedy at law or equity exists.

**RELIEF:** Plaintiff seeks statutory damages, fees and costs of suit.

## COUNT III – HUMAN RIGHTS VIOLATIONS-FED QUESTION

47. Plaintiff repeats, realleges and incorporates by reference each of the preceding paragraphs as if fully set forth herein in full.

48. This Court's jurisdiction is invoked pursuant to 28 U.S.C. §1331.

49. That Article 12 of the United Nations Universal Declaration of Human Rights (A/RES/3/217) provides that Plaintiff has a human right not to have suffer arbitrary attacks upon his honour and reputation, as alleged *supra*.

50. That all declarations of the United Nations' General Assembly specify the obligations of member nations under the Charter of the United Nations.

51. That the Charter of the United Nations is a signed and ratified treaty of the United States / United States of America.

52. That the Charter of the United Nations is also encoded into federal law as 59 Stat. 1033-1218.

53. That Plaintiff's human rights are a federal right, binding on Defendants individually and/or severally.

54. That Article 8 of the United Nations Universal Declaration of Human Rights provides that Plaintiff has a right to an effective remedy for acts where Defendants have violated his rights granted by the constitution and by the laws mentioned here in this Amended Complaint.

55. That Article 17 of the Universal Declaration of Human Rights prohibits Defendants individually and/or collectively from arbitrarily depriving Plaintiff of his property rights through unconscionable, unfair, misleading and/or deceptive trade practices.

**RELIEF:** Plaintiff seeks statutory damages and/or penal damages, costs of suit, and any other and/or further relief available, pursuant to United Nations General Assembly 65 Declaration 213 entitled "Human Rights in the Administration of Justice" as specifying the obligation of the United States under the Charter of the United Nations [59 Stat. 1033-1218].

### COUNT IV - INJUNCTIVE RELIEF

56. Plaintiff repeats, realleges and incorporates by reference each of the preceding paragraphs as if fully set forth herein in full.

57. This Court's jurisdiction is invoked pursuant to 28 U.S.C. §2201.

58. That Defendant BOA / BAC HOME LOANS SERVICING LP is also party to the National Mortgage Settlement of 2012; see USA v. Bank of America Corp, 12-CV-0361 in the US District Court for the District of Columbia, Document 11.

59. That Exhibit G, Items #19 and #20 identify Plaintiff as an intended beneficiary of the National Mortgage Settlement based on the conduct of Defendant BOA / BAC HOME LOANS SERVICING, LP relating to Deceptive Trade Practice Act violations, mortgage servicing failures, filing illegal chain of title instruments at the county against Plaintiff's property, and illegal mortgage foreclosure practices in the Circuit Court of Cook County; all of which are "covered conduct" as outlined in the National Mortgage Settlement.

60. That, pursuant to the aforementioned Items #19 and #20 of the National Mortgage Settlement against Defendant Bank of America / BAC HOME LOANS SERVICNG LP, Plaintiff files for injunctive relief.

61. Plaintiff cannot be fully compensated in damages, and is without an adequate remedy at law because the exact amount of damage plaintiff will sustain and has sustained is difficult to determine.

62. Plaintiff will further suffer irreparable harm if an injunction is not issued.

**RELIEF:** Plaintiff seeks injunctive relief against Defendants and their agents and assigns concerning any further illegal foreclosure action, and any additional relief available pursuant to Items #19 and #20 of the National Mortgage Settlement against Bank of America; a declaratory judgment to remove the Lis Pendens against his property and the illegal assignment aforementioned.

**TRIAL BY JURY**

63. Plaintiff demands a trial by jury for all matters complained of herein that are so triable.

By: /S/ RODNEY SMITH
Pro se

## **CERTIFICATE OF SERVICE**

I, Rodney Smith, Plaintiff *Pro se* do hereby certify that on June 3, 2014, I will electronically file the foregoing **RODNEY SMITH'S 1ST AMENDED COMPLAINT** with the Clerk of Court of the United States District Court for the Northern District of Illinois upon Bank of America, N.A. and Pierce & Associates et al, using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Benjamin M. Wojcik
ARDC No. 6301206
WINSTRON & STRAWN LLP
35 W. Wacker Drive
Chicago, Illinois  60601-9703
312-558-6212
bwojcik@winston.com
*Attorney for Bank of America, N.A.*

Nickolas A. Schad
ARDC 6293699
Pierce & Associates, P.C.
Attorney for Defendant Pierce & Associates
1 N. Dearborn, Suite 1300
Chicago, Illinois 60602
312-476-5648
nschad@atty-pierce.com

                                          Respectfully submitted,

                                          By: */S/  Rodney Smith*
                                                *Pro Se*

Rodney Smith
21154 Whitney Drive
Matteson, Illinois 60443
708-720-1813
Rodney.Smith1219@gmail.com