IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RODNEY SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 14 C 1041 |
| ) | |
| BANK OF AMERICA, N.A., PIERCE AND ) | |
| ASSOCIATES, CHRISTOPHER IARIA, ) | |
| R. ELLIOT HALSEY, DAVID DRESCHER, ) | |
| and NIKOLAS SCHAD, ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, District Judge:

On February 13, 2014, plaintiff Rodney Smith ("Smith") filed a complaint (Dkt. No. 1) alleging that defendants Bank of America, N.A. ("BANA"), Pierce & Associates, and four of Pierce & Associates' attorneys (collectively, "Defendants") violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and the Illinois Collection Agency Act, 225 ILCS 425/1, *et seq.* (Dkt. No. 1 ¶ 1.) On June 3, 2014, Smith filed an amended complaint ("Amended Complaint") (Dkt. No. 31 ("Am. Compl.")) alleging violations of the FDCPA (Count I), the Fair Credit Reporting Act, 15 U.S.C. § 1692e(5) ("FCRA") (Count II), the United Nations Universal Declaration of Human Rights, U.N. Doc. A/RES/3/217 ("U.N. Declaration of Human Rights") (Count III), and a consent judgment in *United States* v. *Bank of America, Corp.*, No. 12 C 361 (D.D.C. Apr. 4, 2012) (Dkt. No. 11) (the "National Mortgage Settlement of 2012"). (Am. Compl. ¶¶ 31-62.)

Defendants have each filed a separate motion to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) or, in the alternative, pursuant to Rule 12(b)(6). (Dkt. Nos. 37, 40.) For the reasons explained below, those motions are granted in part consistent with the law of the Seventh Circuit.

FACTUAL BACKGROUND

On March 12, 2008, Smith took out a mortgage to buy a house. (Am. Compl. ¶ 9.) Smith granted a promissory note ("Note") (Dkt. No. 37 Ex. 1) in favor of the lender, Countrywide Bank, FSB ("Countrywide"), and a mortgage ("Mortgage") (Dkt. No. 37 Ex. 2) to MERS, as mortgagee, solely in its capacity as nominee for Countrywide. On April 20, 2011, MERS assigned Smith's Mortgage to BAC Home Loans Servicing, LP, formerly known as Countrywide Home Loans Servicing LP ("BAC"). (Am. Compl. ¶ 13; Dkt. No. 37 Ex. 3.) BANA acquired BAC and now claims to be the mortgagee of record. (Am. Compl. ¶ 15.)

On July, 18, 2011, after Smith purportedly defaulted on the Note and Mortgage, BANA filed a foreclosure action in the Circuit Court of Cook County, Illinois, which remains pending. *See Bank of Am., N.A.* v. *Smith*, No. 2011 CH 25012 (Cir. Ct. Cook Co.). Pierce & Associates represents BANA in the state court foreclosure case. Smith then filed the instant lawsuit in federal court alleging that all Defendants violated the FDCPA, FCRA, U.N. Declaration of Human Rights, and National Mortgage Settlement of 2012. (Am. Compl. ¶¶ 31-61.) According to Smith's Amended Complaint, the assignment of his Mortgage from MERS to BAC (and eventually to BANA) violated 12 C.F.R. 226.39(a)(1), which is a regulation governing a mortgage owner's disclosure obligations. (*Id.* ¶¶ 13-14.) Smith contends that BANA, by initiating a state court foreclosure action against him without proper title to his Mortgage, violated the FDCPA, FCRA, U.N. Declaration of Human Rights, and National Mortgage

Settlement of 2012. (Am. Compl. ¶¶ 31-62.) Smith asserts each of his four claims against BANA, Pierce & Associates, and the Pierce & Associates attorneys representing BANA in the state court foreclosure case.

BANA and Pierce & Associates—on behalf of itself and its named attorneys—have filed separate motions to dismiss Smith's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) or, in the alternative, pursuant to Rule 12(b)(6). (Dkt. Nos. 37, 40.)

## LEGAL STANDARD

A motion to dismiss brought pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure asks the court to dismiss an action over which it allegedly lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The party asserting jurisdiction bears the burden of proof that jurisdiction is satisfied. *Glaser* v. *Wound Care Consultants, Inc.*, 570 F.3d 907, 913 (7th Cir. 2009). In considering a motion brought under Rule 12(b)(1), all of the well-plead allegations in the complaint are accepted as true, and the court draws all reasonable inferences in favor of the nonmoving party. *Long* v. *Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999). Additionally, when considering a motion to dismiss for lack of subject matter jurisdiction, the court may "look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Capitol Leasing Co.* v. *FDIC*, 999 F.2d 188, 191 (7th Cir.1993) (quoting *Grafon Corp.* v. *Hausermann*, 602 F.2d 781, 783 (7th Cir. 1979)) (internal quotation marks omitted); *see also Johnson* v. *Apna Ghar, Inc.*, 330 F.3d 999, 1001 (7th Cir.2003).

## ANALYSIS

The court will first address Defendants' jurisdictional arguments and then, if necessary, turn to the merits of Defendants' Rule 12(b)(6) arguments. *See Yassan* v. *J.P. Morgan Chase &*

3

*Co.*, 708 F.3d 963, 967 n.1 (7th Cir. 2013). Defendants argue that the court must abstain from exercising jurisdiction over all of Smith's claims under the *Colorado River* abstention doctrine. *Colorado River Water Conservation Dist.* v. *United States*, 424 U.S. 800 (1976). Abstention is appropriate under *Colorado River* if the state and federal actions are parallel, exceptional circumstances warrant a stay, and a stay would promote "wise judicial administration." *Colorado River*, 424 U.S. at 818. Because federal courts have a "virtually unflagging obligation to exercise the jurisdiction given them," there is a presumption against abstaining under *Colorado River* and only the "clearest of justifications" shall warrant a stay of the federal case. *Huon* v. *Johnson & Bell, Ltd.*, 657 F.3d 641, 645-46 (7th Cir. 2011) (citations omitted). "If there is any substantial doubt that the concurrent state proceeding will be an adequate vehicle for the complete and prompt resolution of the issues between the parties," then the federal court should not abstain. *Id.* at 646.

Determining whether to abstain involves a two-party inquiry. A district court must first evaluate whether the federal and state cases are parallel. *Adkins* v. *VIM Recycling, Inc.*, 644 F.3d 483, 498 (7th Cir. 2011). If the court determines that the two actions are parallel, it must weigh the following factors, none of which are determinative, in deciding whether to abstain:

> (1) whether the state has assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) the source of governing law, state or federal; (6) the adequacy of state-court action to protect the federal plaintiff's rights; (7) the relative progress of state and federal proceedings; (8) the presence or absence of concurrent jurisdiction; (9) the availability of removal; and (10) the vexatious or contrived nature of the federal claim.

*Huon*, 657 F.3d at 647-48.

Two suits are parallel when they "involve the same parties, arise out of the same facts and raise similar factual and legal issues." *Tyrer* v. *City of S. Beloit*, 456 F.3d 744, 752 (7th Cir.

2006). The key question is "whether there is a substantial likelihood that the state litigation will dispose of all claims presented in the federal case." *Huon*, 657 F.3d at 646 (quoting *Adkins*, 644 F.3d at 499) (additional citations omitted).

Here, both the state court foreclosure action and the current lawsuit involve Smith and BANA. Although Pierce & Associates is BANA's counsel—not a party—in the state court case, it is a defendant here only because of acts in furtherance of its representation of BANA. More importantly, as Smith admits in the first sentence of his response brief, all of his claims in this lawsuit arise out of Defendants' purportedly "illegal" state court foreclosure action. (Dkt. No. 44 at 2 ("Plaintiff has complained of Defendants' 'acts' in prosecuting a foreclosure in the Circuit Court of Cook County which violate the Fair Credit Reporting Act and the Fair Debt Collection Practices Act.").) Smith's argument is essentially one of standing. He alleges that his Mortgage was improperly assigned from MERS to BAC, and BANA therefore never acquired title to his Mortgage. (Am. Compl. ¶¶ 13-14.) By initiating the foreclosure action without title to the Mortgage, Smith argues that BANA and its attorneys violated the FDCPA, FCRA, U.N. Declaration of Human Rights, and National Mortgage Settlement of 2012.

An entry of judgment of foreclosure against Smith in the state case will necessarily resolve BANA's standing to foreclose on the Mortgage and will thus dispose of the sole basis for all of Smith's claims. Consequently, the court determines that the instant lawsuit is parallel to the state court foreclosure case and meets the first prong of the *Colorado River* inquiry. Moreover, this court's determination is consistent with the decisions of other district courts in this district faced with similar claims arising out of state court foreclosure cases. *See Pirard* v. *Bank of Am.*, No. 12 C 2901, 2013 WL 1154294, *3-4 (N.D. Ill. Mar. 19, 2013) (Guzman, J.); *Charles* v. *Bank of Am.*, No. 11 C 8217, 2012 WL 6093903, *4 (N.D. Ill. Dec. 5, 2012) (Castillo, J.); *Petit* v.

5

*Wash. Mut. Bank, F.A.*, 12 C 318, 2012 WL 3437287, *4 (N.D. Ill. Aug. 14, 2012) (Kendall, J.); *Corus Bank, N.A.* v. *De Guardiola*, 593 F. Supp. 2d 991, 993-94 (N.D. Ill. 2008) (Andersen, J.).

The court further concludes that the majority of the factors to be considered in step two of the *Colorado River* analysis weigh in favor of abstention. BANA filed its foreclosure action in the Circuit Court of Cook County, Illinois on July 18, 2011, and the state court assumed jurisdiction over Smith's property when it entered a default judgment of foreclosure and order appointing a selling officer on February 5, 2013. (Dkt. No. 37 at 2.) The state court has since vacated its default judgment, denied Smith's motion to dismiss and motion for summary judgment, and proceeded to discovery on BANA's claims and Smith's affirmative defenses. (*Id.* at 2-3.) This case, by contrast, was filed nearly three years after BANA filed the state court foreclosure action and remains at the motion to dismiss stage. Accordingly, factors one, four, and seven—whether the state court has assumed jurisdiction over property, the order in which jurisdiction was obtained, and the relative progress of state and federal proceedings—favor abstention. Although two of Smith's four claims involve federal law, they arise of out Defendants' alleged inability to pursue foreclosure, which is governed by the Illinois Mortgage Foreclosure Law ("IMFL"), 735 ILCS 5/15, *et seq*. Thus, factors five, six and eight—the source of governing law, the adequacy of state-court action, and the presence of a concurrent jurisdiction—also favor abstention. Finally, factor three—the desirability of avoiding piecemeal litigation—favors abstention. As discussed above, a judgment of foreclosure in the state court disposes of the predicate for all of Smith's claims in this case. The remaining factors—two, nine, and ten—are neutral and do not favor abstention or exercising jurisdiction.

Consequently, because seven factors favor abstention and three are neutral, the court determines that it is appropriate to abstain from exercising jurisdiction over the claims set forth in Smith's Amended Complaint pending resolution of the state court foreclosure action.

The only remaining question is whether to stay the case or dismiss Smith's Amended Complaint without prejudice. Defendants' motions urge the court to dismiss Smith's Amended Complaint pursuant to Rule 12(b)(1). The Seventh Circuit, however, has repeatedly held that abstention under *Colorado River* should be executed through a stay, not a dismissal. *See Montano* v. *City of Chicago*, 375 F.3d 593, 602 (7th Cir. 2004) (citing *CIGNA HealthCare of St. Louis, Inc.* v. *Kaiser*, 294 F.3d 849, 851 (7th Cir. 2002); *Rosser* v. *Chrysler Corp.*, 864 F.2d 1299, 1308 (7th Cir.1988); *Lumen Constr., Inc.* v. *Brant Constr. Co., Inc.*, 780 F.2d 691, 698 (7th Cir. 1985); *Ohio River Co.* v. *Carrillo*, 754 F.2d 236, 238 (7th Cir. 1985); *Bd. of Educ.* v. *Bosworth*, 713 F.2d 1316, 1322 (7th Cir. 1983); *Evans Transp. Co.* v. *Scullin Steel Co.*, 693 F.2d 715, 717–18 (7th Cir. 1982)). Accordingly, the proper course is to stay Smith's lawsuit pending the resolution of the state court foreclosure action.

## CONCLUSION

For the reasons set forth above, Defendants' motions to dismiss [37], [40] are granted insofar as they request that the court abstain from exercising jurisdiction over Smith's claims pursuant to the *Colorado River* doctrine. Consistent with binding Seventh Circuit precedent, Smith's claims are stayed pending the resolution of the state court case, *Bank of Am., N.A.* v. *Smith*, No. 2011 CH 25012 (Cir. Ct. Cook Co.). This case is placed on the court's suspense docket and the parties are directed to notify the court within seven days of completion of the state court case. Civil case terminated.

ENTER:

_____
JAMES F. HOLDERMAN
District Judge, United States District Court

Date: August 12, 2014